37 So.2d 523

**SIMS v. BRISTOW.**

**4 Div. 26.**

Court of Appeals of Alabama.
Aug. 3, 1948.

Rehearing Denied Oct. 19, 1948.

Cope & Cope, of Union Springs, for appellant.

Lawrence K. Andrews, of Union Springs, for appellee.

BRICKEN, Presiding Judge.

Appellee, sued appellant, in detinue, for the recovery of two mules. The suit was based upon a mortgage executed and delivered to appellee by one John Arthur Davis, and this mortgage was duly recorded in the office of the Judge of Probate of Bullock County, Alabama, on the 10th day of December 1943. It was executed, and delivered, on the 4th day of December 1943. At the time of this transaction both the mortgagor and mortgagee were residents of Bullock County, Alabama.

Thereafter, on January 12, 1944, the said John Arthur Davis executed and delivered to the First National Bank of Union Springs, Alabama, a mortgage conveying the same two mules contained in the mortgage theretofore executed to J. T. Bristow, which mortgage was filed of record on the 24th day of January, 1944, in the office of the Judge of Probate of Bullock County, Alabama.

Subsequently, John Arthur Davis moved to Pike County, Alabama, for the purpose of farming and took with him the mules upon which the said J. T. Bristow and the First National Bank, respectively, held the mortgages as hereinabove referred to.

Later, on January 4, 1945, the said John Arthur Davis executed a mortgage to the First National Bank of Union Springs, Alabama, in the sum of $55 conveying the mules in question and, thereafter, as shown by the record, several future advance mortgages.

There is nothing in the record to show that the First National Bank knew of the whereabouts of John Arthur Davis nor the whereabouts of the mules at the time it took the mortgage under date of January 4, 1945.

After default in the mortgage of the First National Bank, under date of January 4, 1945, the appellant, Richard Sims, obtained from the First National Bank a transfer of said mortgage without the request of the mortgagor, John Arthur Davis. The testimony tends to show that at the time the defendant obtained the transfer of the mortgage of the First National Bank, he had actual knowledge of the mortgage of the plaintiff.

The case was heard before the trial Judge ore tenus and without a jury, and judgment rendered in favor of appellee, from which this appeal was taken.

The sole assignment of error is: "The court erred in rendering judgment for the plaintiff."

We are of the opinion the case was properly decided. Throughout the several enumerated transactions, the lien of appellee was a prior lien upon the property in question and the other liens referred to were subordinate thereto. This is conclusive of this case and further discussion is unnecessary.

Affirmed.